**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FELICIA NOVICK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNILEVER UNITED STATES INC., *et al.*,<br><br>Defendants. | No. 25cv4804 (EP) (JBC)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

This putative consumer class action challenges the marketing of Dove Sensitive Skin Body Wash as "hypoallergenic" and suitable for "sensitive skin," despite allegedly containing ingredients that can cause allergic reactions. D.E. 59 ¶¶ 1, 7 ("Amended Complaint" or "Am. Compl."). While Defendant Unilever United States, Inc. ("Unilever")'s motion to dismiss was pending,[1] Plaintiffs Felicia Novick and Kalman Rosenfeld ("Plaintiffs") move to appoint Joel D. Smith and Yeremey O. Krivoshey of Smith Krivoshey, PC as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). D.E. 47-1 ("Motion").[2] Unilever opposes the Motion

[1] On June 30, 2026, the Court granted in part and denied in part Unilever's motion to dismiss, finding that Plaintiffs plausibly alleged economic injury under a price-premium theory and that the Product's "hypoallergenic" and "sensitive skin" representations could mislead a reasonable consumer. D.E. 53 at 14, 50. The Court dismissed Plaintiffs' California UCL and FAL claims (Counts One and Two), their NJCFA omission theory (Count Six), and their common-law fraud and fraudulent concealment claim (Count Ten), all without prejudice, but permitted the remaining claims to proceed. *Id.* at 50. On July 30, 2026, Plaintiffs filed an Amended Complaint.

[2] Plaintiffs filed their notice of Motion at D.E. 47. The Court refers to Plaintiffs' memorandum of law as their Motion for ease of reference. Though the Amended Complaint added additional Plaintiffs, only the original two Plaintiffs—Felicia Novick and Kalman Rosenfeld—filed the instant motion since it was filed before the Amended Complaint. *See* Motion.

as unnecessary and premature. D.E. 48 ("Opp'n"). Plaintiffs did not file a reply. For the reasons below, the Court will **DENY** the Motion ***without prejudice***.

## I. ANALYSIS

Rule 23(g)(3) permits a court to appoint interim class counsel before deciding whether to certify a class. Fed. R. Civ. P. 23(g)(3). The Advisory Committee Notes to Rule 23 explain that a court may designate interim counsel "if necessary to protect the interests of the putative class," but that "[i]n some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." Fed. R. Civ. P. 23 Adv. Committee's Note to 2003 Amendment.

Although actual rivalry or uncertainty is not required, "the Advisory Committee Notes clearly contemplate some demonstration of *need* to appoint interim counsel to protect the interests of the putative class." *See Nelson v. Nissan N. Am., Inc.*, No. 11-5712, 2012 WL 12904341, at *2 (D.N.J. Dec. 17, 2012) (emphasis in original); *see also Berkelhammer v. Automatic Data Processing, Inc.*, No. 20-5696, 2022 WL 3593855, at *2–3 (D.N.J. Aug. 23, 2022) (affirming denial of interim counsel appointment where plaintiffs failed to demonstrate that appointment was necessary to protect their interests).

Here, Plaintiffs have not demonstrated a present need for interim class counsel. Plaintiffs emphasize their counsel's substantial work investigating and prosecuting this action, as well as counsel's experience and resources. Motion at 5–10. They also point to a later-filed putative class action in the Northern District of California, *Mills v. Conopco, Inc.*, No. 26-4286, which they characterize as a "copycat class action complaint" involving overlapping claims. *Id.* at 2.

Plaintiffs argue that the later-filed *Mills* action creates a potential risk of inconsistent judgments and a "reverse auction," in which Unilever could seek to negotiate a class-wide

settlement with whichever plaintiffs' counsel is willing to accept the least favorable terms for absent class members. *Id.* at 2. Plaintiffs contend that appointing Smith Krivoshey as interim class counsel would establish clear responsibility for representing the proposed class and allow class members to "speak with one voice" during pre-certification proceedings. *Id.* at 4–5.

Plaintiffs, however, identify no existing competition for class leadership, conflicting judgments, or indication that Unilever has attempted to exploit the parallel proceedings through competing settlement negotiations that would require formal appointment to protect the putative class. Plaintiffs' counsel has prosecuted this action without interim lead counsel designation and may continue to do so. Although Plaintiffs recently added Conopco, Inc. as a defendant in this action, Am. Compl., the record does not reflect any consolidation, transfer, or competing request for leadership that would require the Court to designate interim counsel at this time. *See Nelson*, 2012 WL 12904341, at *2 (denying appointment without prejudice where plaintiffs failed to demonstrate a present need); *Mey v. Patriot Payment Grp., LLC*, No. 15-27, 2016 WL 11501481, at *2–3 (N.D.W. Va. Jan. 5, 2016) (denying appointment where a similar action pending in another district did not create a present need for interim counsel).

The Court recognizes that appointment may be appropriate where related actions require coordinated leadership. *See, e.g.*, *Niemczyk v. Pro Custom Solar*, Nos. 19-7846 & 22-247, 2024 WL 1698056, at *2–3 (D.N.J. Jan. 3, 2024) (granting unopposed motions for interim counsel in two related actions pending before the same court). But Plaintiffs have not shown that such coordination is presently necessary here. Because Plaintiffs have not demonstrated a present need for interim class counsel, the Court need not address counsel's qualifications under Rule 23(g)(1)(A).

## II. CONCLUSION AND ORDER

Accordingly,

**IT IS**, on this **27th** day of October, 2026,

**ORDERED** that Plaintiffs' Motion to Appoint Interim Class Counsel, D.E. 47, is **DENIED** ***without prejudice***. Plaintiffs may renew the Motion upon a showing of changed circumstances warranting the appointment of interim class counsel.

Evelyn Padin, U.S.D.J.